17-2480-cr
*United States v. Campbell*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                          17-2480-cr

            v.

DESMOND CAMPBELL,

                    *Defendant-Appellant.*[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

**FOR APPELLEE:**  SYLVIA SHWEDER (Emily Berger, *on the brief*) for Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**  BRUCE R. BRYAN, Bryan Law Firm, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 3, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Desmond Campbell ("defendant" or "Campbell") appeals from a judgment of the District Court in which that Court denied defendant's motion to withdraw his previously entered guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

On September 10, 2010, defendant pleaded guilty to conspiring to import 1,000 kilograms or more of marijuana in violation of 21 § U.S.C. 959(a). Prior to his scheduled sentencing in January 2011, Campbell fled to Jamaica. The government submitted an extradition request to the Jamaican government, but defendant was not arrested and transported to the United States for sentencing until more than six years later. On May 23, 2017, in advance of his sentencing, Campbell filed a motion to withdraw his guilty plea or, in the alternative, for an evidentiary hearing on his motion. The District Court denied defendant's motion on the basis of, *inter alia*, the "fugitive disentitlement doctrine," and this appeal followed.

## DISCUSSION

Defendant now argues that his plea was defective for four reasons, all of which, he alleges, effectively rendered his plea involuntary. He contends that, during his Rule 11 colloquy, (1) the District Court, having been made aware of his illiteracy and limited education, did not adequately inquire into whether he truly understood the terms of his plea agreement; (2) he was not adequately informed by the District Court that he could proceed to trial with court-appointed counsel in the event that he could no longer pay for his retained counsel; (3) the District Court did not adequately explain the elements of the offense to which he pleaded guilty; and (4) the District Court failed to inform him that he might have been eligible for so-called safety valve relief. The District Court rejected all four of these arguments, which defendant contends was error. He also argues that the

District Court erred in holding that the fugitive disentitlement doctrine independently warranted denial of his motion to withdraw his plea.

Under the doctrine, a court has "discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice." *United States v. Morgan*, 254 F.3d 424, 426-27 (2d Cir. 2001) (quoting *United States v. Bravo,* 10 F.3d 79, 83 (2d Cir.1993)) (affirming a district court's application of the doctrine on defendant's motion to withdraw his guilty plea). The doctrine serves four rationales: "1) assuring the enforceability of any decision that may be rendered against the fugitive; 2) imposing a penalty for flouting the judicial process; 3) discouraging flights from justice and promoting the efficient operation of the courts; and 4) avoiding prejudice to the other side caused by the defendant's escape." *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 280 (2d Cir. 1997).

We review a district court's application of the fugitive disentitlement doctrine for abuse of discretion. *See Bravo*, 10 F.3d at 85.

The District Court found that withdrawal of defendant's plea would cause significant prejudice to the government. Moreover, we have affirmed the application of the fugitive disentitlement doctrine in circumstances that closely parallel those presented in this case. *See Morgan*, 254 F.3d at 426-27 (affirming the district court's denial of defendant's motion to withdraw his guilty plea on fugitive disentitlement doctrine grounds when defendant, after pleading guilty but before sentencing, fled the country and then moved to withdraw his plea approximately six years later).

Because we hold that the District Court did not abuse its discretion in denying defendant's motion pursuant to the fugitive disentitlement doctrine, we need not address defendant's additional argument, that the District Court erred when, in reaching the merits of defendant's claim, it found that defendant's 2010 plea was knowing and voluntary.

## CONCLUSION

We have reviewed defendant's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3